OTT, Chief Judge,
dissenting.
I dissent.
I would affirm the trial court’s dismissal of the charge. The admitted facts do not establish a prima facie case against appel-lee.
The undisputed facts are that appellee took his brother’s girlfriend on a motorcycle ride. Appellee passed an automobile, lost control of the motorcycle, and the passenger was thrown onto the right shoulder of the road, appellee and the motorcycle coming to rest on the left shoulder. Appellee went back to render aid to the injured passenger, but bystanders advised him not to move her and that an ambulance had been called. Appellee was suffering pain caused by “road burns,” and he did not possess a valid driver’s license. When he inquired of the injured passenger, she advised appellee that she was okay and he could go. Appellee took the motorcycle and left the scene. No police officer had arrived on the scene prior to appellee’s departure.
Section 316.027(1), Florida Statutes (1981), requires the driver of any vehicle involved in an accident resulting in personal injury or death to remain at the scene of the accident until the requirements of section 316.062 are fulfilled. Section 316.062 requires the driver to give his name, address, and vehicle registration number to the owner of damaged property or any injured person, and, if requested, exhibit his driver’s license. Further, such information must be given to any police officer at the scene, and the driver is required to render or secure reasonable assistance to the injured person. Finally, if the injured party is not in condition to receive the information and no police officer is on the scene, the driver should report the accident and give the same information to the nearest police authority.
Under section 316.027(2), any person willfully failing to stop or comply with the foregoing requirements is guilty of a felony.
It is well settled that a statute should be construed so that the result is not absurd or unreasonable, but rather to effectuate the obvious purpose and objective of the legislature. E.g., George v. State, 203 So.2d 173 (Fla. 2d DCA 1967). Applying this principle to section 316.027, it is apparent that the objective of the legislature in enacting this statute was the protection of persons who suffered personal injury caused by a driver unknown to them who could not be located and held responsible for the injury in the absence of the statute.
Requiring appellee to provide the injured passenger with his name, address, and vehicle registration number is unreasonable in this case. It was neither requested nor required. The passenger was the girlfriend of appellee’s brother, and the passenger knew appellee; therefore, it was unreasonable and unnecessary for appellee to literally provide the specified identifying information. Under these facts, appellee did not willfully fail to comply with the statutory requirements.
Additionally, appellee was in the process of attending to the injured passenger when he was advised an ambulance was on the way. Thus, appellee complied with that *664 portion of the statute requiring him to render or secure reasonable assistance to any person injured in the accident.
Section 316.062(2) required appellee to “forthwith” report the accident to the nearest police authority only if the injured party was in no condition to receive the specified information and if no police officer was present. Both conditions must be satisfied. Because the injured party possessed sufficient information (as previously discussed), and further, the facts did not demonstrate she was unable to receive it, it was not necessary that appellee report the accident and supply the information, although he actually did so a day and a half later.
Based on the foregoing reasons, I would AFFIRM the trial court’s dismissal of the charge.